

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-6891
Re: Method for calculating the
eighteen months during which
a discharged serviceman is
allowed to vote without
paying a poll tax.

We have your request for an opinion as to "whether the eighteen months mentioned in Section 2a, Article VI of the Texas Constitution is to be calculated on a calender-month basis."

The constitutional amendment, adopted by an election held on August 25, 1945, reads as follows:

"Section 2a. Nothing in this Constitution shall be construed to require any person, who at the time of the holding of an election hereinafter referred to is, or who, within eighteen months immediately prior to the time of holding any such election was, a member of the armed forces of the United States or of the Armed Force Reserve of the United States, or of any branch or component part of such armed forces or Armed Force Reserve, or the United States Maritime Service or the United States Merchant marine, and who is otherwise a qualified voter under the laws and Constitution of this State, to pay a poll tax or to hold a receipt for any poll tax assessed against him, as a condition precedent to his right to vote in any election held under the authority of the laws of this state, during the time the United States is engaged in fighting a war, or within one year after the close of the calendar year in which said war is terminated.

"Provided, however, that the foregoing provisions of this section do not confer the right to vote upon any person who is a member of the regular establishment

Hon. Geo.H.Sheppard, page 2

of the United States Army, Navy, or Marine Corps;
and provided further, that all persons in the
armed forces of the United States, or the component
branches thereof, not members of the regular es-
tablishment of the United States Army, Navy, or
Marine Corps, are hereby declared not to be dis-
qualified from voting by reason of any provision
of sub-section 'Fifth' of Section 1 of this Arti-
cle." (Emphasis ours)

We have found no reported court decision construing
this constitutional amendment.

Article 23, Revised Civil Statutes of Texas, provides:
"'Month' means a calendar month."

The word "month" as used in civil statutes has been
held to mean a calendar month. Ex parte Meisler, 69 S. W. (2d)
422 (Tex. Crim. App., 1934); Gardner v. Universal Life & Accident
Ins. Co., 164 S. W. (2d) 582 (Tex. Civ. App. 1942, writ of error
dismissed).

"A period of a month or months is to be computed
not by counting days, but by looking at the calendar,
and it runs from a given day in one month to a day of
the corresponding number in the next or specified
succeeding month." Gardner v. Universal Life & Accident
Co. Inc., supra.

In view of the above authorities, it is our opinion
that the words "eighteen months" as used in the above quoted
constitutional provision, mean "eighteen calendar months". Specif-
ically, if an election be held on November 5, 1946, a person dis-
charged on or after May 5, 1945, if otherwise qualified, may vote
at such election without paying a poll tax and without holding
a receipt for a poll tax, but a person discharged on or before
May 4, 1945, would not be entitled to vote at such election with-
out payment of a poll tax, unless otherwise exempt.

Members of "the Armed Force Reserve of the United
States" are included in the classes of persons listed in this
constitutional provision. In applying the eighteen-months' period
discussed above, a person's status as a member of such Armed Force
Reserve, as well as his status as a member of the other services
enumerated, must be considered. A person who is, at the time of
an election, or who was, within eighteen months prior to such
election, a member of the Armed Force Reserve of the United States,
and who is otherwise qualified, may vote at such election without
paying a poll tax and without holding a receipt therefor, even

Hon. Geo. H. Sheppard, page 3

though he may have been discharged or released from active duty in the Armed Forces more than eighteen months prior to the election.

The last clause of the first paragraph of the constitutional provision in question limits its application to elections held under authority of the laws of this State "during the time the United States is engaged in fighting a war, or within one year after the close of the calendar year in which said war is terminated." Your attention is invited to our Opinion No.0-6626 in which it was held that, under the ad valorem tax statutes, World War II has not yet terminated, and will not terminate, in the legal sense, until the Congress of the United States, or the President by authority from Congress, formally proclaims that it is terminated.

Your attention is further invited to our Opinion No. 0-6621 which, in construing this constitutional provision, holds that although the persons named are not required to pay a poll tax or to hold a receipt therefor as a condition precedent to their right to vote, the provision does not exempt anyone from the payment of the poll tax, and that therefore the tax assessor-collector should not issue an exemption certificate under this provision.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Raymond A. Lynch
Raymond A. Lynch
Assistant

RAL:rt

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN